**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **3:17-CR-76** |
| | : | **(JUDGE MARIANI)** |
| **JOSE RAMON DE LEON-PINEDA,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

On June 20, 2018, pursuant to a written plea agreement (Doc. 222), Jose Ramon De

Leon-Pineda entered a plea of guilty with respect to taking part in a conspiracy to distribute

and possess with the intent to distribute controlled substances. (Plea Hr. Tr., Doc. 357 at

21:1) Presently before the Court is De Leon-Pineda's 28 U.S.C. § 2255(a) Motion to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 360) ("§ 2255

Motion") as well as his "Motion for Leave to File an Amended Motion to Vacate, Set Aside,

or Correct Sentence, and Amended Memorandum of Facts and Law in Support of Amended

Motion to Vacate, Set Aside, or Correct Sentence under 18 U.S.C. § 2255." (Doc. 371)

("Supplement"). For the reasons set forth below, the Court will grant De Leon-Pineda's

Supplement and deny his § 2255 Motion as supplemented.

## II. PROCEDURAL HISTORY

On March 28, 2017, a grand jury sitting in Scranton handed down an indictment charging De Leon-Pineda with various criminal acts relating to the distribution and possession of controlled substances. (Doc. 1.) De Leon-Pineda later entered into a plea agreement with the United States, stipulating to responsibility for at least 100 grams of heroin, at least 28 grams of crack cocaine, and an unspecified quantity of powder cocaine, equivalent to between 100 and 400 kilograms of marijuana under the Guidelines. (Doc. 222.)

On June 20, 2018, De Leon-Pineda entered a guilty plea in accordance with his plea agreement with the United States. (Plea Hr. Tr., Doc. 357, at 21:1.) During the change of plea hearing, the Court engaged in a plea colloquy with De Leon-Pineda to establish that his plea was knowing, voluntary, and intelligent. (Doc. 357 at 2-21.) At the hearing, De Leon-Pineda stated that he was satisfied with the efforts of his attorney at the time, Paul Ackourey. (Doc. 357 at 5:20-25.)

On February 5, 2019, a sentencing hearing was held, where De Leon-Pineda was represented by new counsel, Barry Weinstein. (Hr. Tr., Doc. 358.) After a detailed analysis of the sentencing factors set forth in Section 3553(a), the Court imposed a bottom-of-the-guidelines sentence of 188 months. (Doc. 358 at 36:7-10.)

Following De Leon-Pineda's sentencing, De Leon-Pineda appealed his conviction and sentence with the assistance of another new attorney, Karina Fuentes. (Doc. 303.) On

February 11, 2021, the Court of Appeals affirmed De Leon-Pineda's conviction and sentence, finding that this Court's analysis and application of the guidelines were correct, that De Leon-Pineda was properly denied a three-level reduction for acceptance of responsibility, and that the sentence was substantively reasonable. *See United States v. De Leon-Pineda*, 843 F. App'x 459 (3d Cir. 2021).

On February 10, 2022, De Leon-Pineda filed his present § 2255 Motion (Doc. 360), alleging four distinct grounds for relief. On September 15, 2023, De Leon-Pineda filed a Motion for Leave to File an Amended § 2255 Motion (Doc. 371), which the Court will consider as a supplement. The Court now considers both of these pending motions for review.

### III. STANDARD OF REVIEW

#### a. 28 U.S.C. § 2255

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3).  A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was

rendered without jurisdiction; (2) the sentence imposed was not authorized by law or

otherwise open to collateral attack; or (3) there has been such a denial or infringement of

the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral

attack.  28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been

made at trial or sentencing.  *United States v. Essing*, 10 F.3d 968, 977 n.25 (3d Cir. 1993).

Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect

which inherently results in a complete miscarriage of justice."  *United States v. Eakman*, 378

F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

Relief is available under Section 2255 only under exceptional circumstances, when the

claimed errors of law are "a fundamental defect which inherently results in a complete

miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair

procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).  If the court determines that the

sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral

attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a

new trial as appropriate.  *See* 28 U.S.C. § 2255(b).

Section 2255 also directs that, in some instances, the court "shall" hold an

evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that
> the prisoner is entitled to no relief, the court shall cause notice thereof to be
> served upon the United States attorney, grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the Court of

Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255, our caselaw has imposed limitations on the exercise of that discretion. In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). *See also* R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy*, 410 F.3d at 134 (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

*Id.* at 545-46. Generally, the petitioner bears the burden of proof in § 2255 proceedings.

*See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

### b. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are properly raised for the first time on

collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on

an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out

in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1)

that counsel's performance was deficient, that is, it fell below an objective standard of

reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 689–92). For the first prong, *Strickland* emphasizes that a court's evaluation of an attorney's performance must be "highly deferential" so as to diminish "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. To establish prejudice under *Strickland*'s second prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The petitioner bears the burden of establishing that counsel's performance was constitutionally inadequate and prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002). In asserting prejudice, the petitioner must show more than a conceivable likelihood that the outcome would have been different.

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. *See Wong v. Belmontes*, 558 U. S. [15] (2009) (per curiam) (slip op., at 13); *Strickland*, 466 U. S., at 693. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id*., at 696. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693.

*Harrington v. Richter*, 562 U.S. 86, 112-113 (2011).

## IV. ANALYSIS

### a. De Leon-Pineda's Motion for Leave to Amend.

The Court first decides whether to consider De Leon-Pineda's Motion for Leave to Amend and the Amended Memorandum of Facts and Law in Support of his § 2255 Motion. (Doc. 371) ("Supplement"). For the reasons explained below, the Court will grant De Leon-Pineda's Supplement (*id*) and will consider De Leon-Pineda's original § 2255 Motion as supplemented.

Under § 2255, a petitioner has one year from the date his conviction becomes final to file a petition challenging the validity of his sentence. 28 U.S.C. § 2255(a), (f)(1). A petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." § 2242. Under Federal Rule of Civil Procedure 15, a court may grant leave to amend a pleading "freely [...] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(c)(1) permits amendment to a pleading after the statute of limitations has expired when the amended pleading "relates back" to the original pleading—in other words, when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005).

In *Mayle*, the Supreme Court noted that the "key words" of Rule 15 are "conduct, transaction, or occurrence." 545 U.S. at 656. The claims in an amended habeas petition concern the same "conduct, transaction, or occurrence" as the claims in the original petition,

and relate back, when they "are tied to a common core of operative facts." *Id*. at 650, 653, 664; *Hodge v. United States,* 554 F.3d 372, 378 (3d Cir. 2009). An amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

Here, although De Leon-Pineda labels his Motion as "Defendant's Motion for Leave to File an Amended Motion to Vacate, Set Aside, or Correct Sentence, and Amended Memorandum of Facts and Law in Support of Amended Motion to Vacate, Set Aside, or Correct Sentence under 18. U.S.C. § 2255" (Doc. 371), De Leon-Pineda's Memorandum is construed to be a supplement to his § 2255 Motion (Doc. 360). Therefore, the Court will consider De Leon-Pineda's Motion and Memorandum (Doc. 371) as his Supplement to his original § 2255 Motion (Doc. 360).[1]

The Court concludes that De Leon-Pineda's Supplement relates back to his original § 2255 Motion. De Leon-Pineda outlines four distinct grounds for relief in his original § 2255 Motion. (*See* Doc. 360.) De Leon-Pineda's first ground for relief contends that he had "Ineffective Assistance of Counsel During Plea Negotiation Stage rendering Movant's Plea not Knowing and Voluntary." (*Id*. at 5.) Specifically, De Leon-Pineda alleges that he was

_____

[1] The Court could have taken the opposite approach by declining to consider De Leon-Pineda's Supplement. De Leon-Pineda filed a Notice of Election (Doc. 362) on February 28, 2022, electing to proceed only with his original § 2255 Motion (Doc. 360). Nonetheless, out of an abundance of caution, the Court has construed De Leon-Pineda's Motion for Leave and Memorandum (Doc. 371) as a supplement to his original § 2255 Motion.

induced into pleading guilty by his counsel based on a false impression of his sentencing

exposure. (*Id.*) De Leon-Pineda's second ground for relief alleges that "Counsel deprived

Movant of the opportunity pursuant to Fed. R. Crim. P. 12(b)(3)(c) and 18 U.S.C. §

2518(10)(a)(i) in failing to move to suppress the contents of the wiretaps." (*Id.* at 6.) De

Leon-Pineda's third ground for relief contends that his counsel at sentencing was ineffective

for failing to argue for a single-level reduction for timely acceptance of responsibility. (*Id.* at

9.) Finally, De Leon-Pineda' argues in his fourth ground for relief that his counsel was

ineffective because "counsel failed to object to the District Court findings that increase the

mandatory minimum sentence." (*Id.* at 11.)

In his Supplement (Doc. 371), De Leon-Pineda offers details relating to his

contentions that "Defendant was denied effective counsel during the plea process" (*id.* at

10) and that "The Government Breached The Plea Agreement" (*id.* at 13). Specifically, De

Leon-Pineda summarizes his supplemental contentions:

> Defendant was denied Effective Assistance of Counsel when Counsel failed to
> do basic legal research and determine the correct application of the Guidelines,
> including any and all enhancements. As a result of Counsel's incompetent
> performance, Defendant's plea was involuntarily and unknowingly given.
> Notwithstanding the unconstitutional guilty plea, the Government breached the
> plea contract by opposing the two-levels of responsibility. Therefore, the Court
> should void the plea and restore Defendant's Constitutional right to a trial by
> jury. As an alternative, Grant Defendant an evidentairy [sic] hearing.

(*Id.* at 9.)

The Court concludes that De Leon-Pineda's allegations contained within his

Supplement relate back to his original § 2255 Motion. With respect to De Leon-Pineda's

arguments surrounding his counsel's alleged ineffectiveness in advising De Leon-Pineda of the possible consequences of his plea agreement (*id*. at 10-13), this argument is nearly identical to De Leon-Pineda's first ground for relief in his original § 2255 Motion. Additionally, De Leon-Pineda's allegation relating to the Government's opposition to the point reduction for acceptance of responsibility (Doc. 371 at 13-14) is factually and legally similar to ground three of De Leon-Pineda's original § 2255 Motion. Therefore, because the Court finds that De Leon-Pineda's arguments raised in his Supplement (*id*.) assert claims "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1), De Leon-Pineda's Supplement (Doc. 371) relates back to his original § 2255 Motion and will be considered in conjunction with his original Motion accordingly. *See, e.g., Mayle,* 545 U.S. at 655; *Hodge,* 554 F.3d at 378.

**b. De Leon-Pineda's § 2255 Motion and Supplement.**

De Leon-Pineda's original § 2255 Motion and Supplement seek relief on the basis that De Leon-Pineda received ineffective assistance of counsel. (Docs. 360, 371.) In his § 2255 Motion, De Leon-Pineda sets forth four distinct grounds for relief that the Court has outlined, *supra*. (*See* Doc. 360.) As the Court explains below, none of these allegations warrant a hearing or relief. The Court will address each of De Leon-Pineda's alleged grounds for relief in the order in which they were raised, and consider the alleged facts and arguments provided in his Supplement (Doc. 371).

### 1. Ground One

De Leon-Pineda's first ground for relief alleges that he had "Ineffective Assistance of Counsel During Plea Negotiation Stage rendering Movant's Plea not Knowing and Voluntary." (Doc. 360 at 5.) De Leon-Pineda contends that he was induced into pleading guilty by his counsel based on a false impression of his sentencing exposure. (*Id.*) De Leon-Pineda alleges that the record does not show his counsel researched what enhancements would ultimately be applied at sentencing and failed to advise De Leon-Pineda accordingly. (Doc. 371 at 11-12.)

To comport with the Fifth Amendment, a defendant's plea must be knowing, voluntary, and intelligent. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). To satisfy *Strickland*'s "objective standard of reasonableness" with respect to a plea, 466 U.S. at 688, an attorney must "give a defendant enough information 'to make a reasonably informed decision whether to accept a plea offer'", *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)), *cert. denied*, 571 U.S. 1224 (2014). To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, the record reveals that De Leon-Pineda was satisfied with his counsel's efforts, and that De Leon-Pineda was on notice as to his maximum possible sentencing exposure at

the time that he entered his plea of guilty. First, De Leon-Pineda expressly stated, after

being sworn, that he was satisfied with Ackourey's representation and efforts:

> THE COURT: And in that time period, when you talked to Mr. Ackourey about this case, did you tell him everything you know about the case?
>
> THE INTERPRETER: Yes.
>
> THE COURT: Are you satisfied with the advice Mr. Ackourey has given you?
>
> THE INTERPRETER: Yes.
>
> THE COURT: Are you satisfied with the efforts he has made on your behalf?
>
> THE INTERPRETER: Yes.

(Plea Hr. Tr., Doc. 357 at 5:16-25.)

De Leon-Pineda cannot now claim that he is dissatisfied with Ackourey's

performance prior to his plea when De Leon-Pineda stated under oath that he was, indeed,

satisfied with Ackourey's advice and efforts at the change-of-plea hearing.

Additionally, the change-of-plea hearing transcript reveals that De Leon-Pineda was

on notice as to the potential maximum sentence he may face by pleading guilty:

> THE COURT: Now, to make sure that your understanding is correct, I'm going to ask Mr. Camoni, on behalf of the Government, to summarize the essential terms of the plea agreement. I'm going to ask you to listen carefully to what he says, because when he's concluded, I'm going to ask you whether the terms of the plea agreement, as described by Mr. Camoni, are the terms as you understand them.
>
> THE INTERPRETER: Okay.
>
> THE COURT: Mr. Camoni.

MR. CAMONI: Thank you, Your Honor.

Paragraph 1 of the plea agreement. The Defendant agrees to plead guilty to Count 1 of the indictment charging the Defendant with a violation of Title 21 United States Code Section 846, Conspiracy to distribute and possess with intent to distribute controlled substances, including a quantity of cocaine, 100 grams and more of heroin and 28 grams and more of cocaine base or crack. The Defendant acknowledges that the maximum penalty for that offense is imprisonment for a period of 40 years, a fine of $5 million, a maximum life term of supervised release and a 100-dollar special assessment[.]

Paragraph 2. The Defendant understands that Count 1 carries a mandatory minimum period of imprisonment of five years.

Paragraph 3. The Defendant understands that the Court must impose at least a four-year term of supervised release upon sentencing.

Paragraph 10. The parties agree that the United States Sentencing Commission Guidelines do apply in this case and will be used to determine an advisory guidelines range.

Paragraph 11. If the Defendant adequately demonstrates recognition and affirmative acceptance of responsibility, the Government agrees to recommend a three-level downward departure.

Paragraph 12. Specific stipulations and agreements. The parties agree and stipulate that pursuant to Title 21 United States Code Sections 841(b)1 and 3, the Defendant was responsible for the distribution and possession with intent to distribute of 100 grams and more of heroin and 28 grams and more of cocaine base or crack, as well as a quantity of cocaine.

Second. Pursuant to United States Sentencing Guidelines Section 2(d)1.1(c)8, the Defendant was responsible for the distribution and possession with intent to distribute heroin, cocaine and cocaine base or crack, equivalent to, at least, 100 kilograms but less than 400 kilograms of marijuana, resulting in a base offense level under the guidelines of 24. The parties reserve the right to make whatever remaining arguments they deem appropriate, with regard to the application of the guidelines.

Paragraph 13. The Government reserves the right to recommend a sentence up to and including the maximum sentence under the law.

Paragraph 19. The Defendant recognizes that the Court is not a party to this agreement nor is it bound by the terms of this agreement, and the Court is free to impose any sentence up to and including the statutory maximums.

Paragraph 20. If the Court does impose a sentence with which the Defendant is dissatisfied, the Defendant understands he will not be permitted to withdraw his guilty plea for that reason alone.

And Paragraph 28. The Defendant understands that if the Defendant is not a United States citizen, deportation or removal from the United States is a possible consequence of this plea[.]

(Plea Hr. Tr., Doc. 357 at 11-13.)

Following the reading of the essential terms of the plea agreement, the Court asked

De Leon-Pineda to confirm that he heard and understood them:

THE COURT: Thank you. Mr. De Leon-Pineda, did you hear Mr. Camoni outline what the essential terms of the plea agreement are, as translated for you by Ms. Olsen?

THE INTERPRETER: Yes.

THE COURT: Are the terms of the plea agreement, as described and summarized by Mr. Camoni, the terms as you understand them?

THE INTERPRETER: Yes.

THE COURT: You heard Mr. Camoni talk about certain recommendations that might be made, particularly, in Paragraphs 11 and 12, relating to acceptance of responsibility and specification sentencing guideline recommendations that might affect your total offense level and, therefore, would affect what your sentence is under the guidelines, particularly, those recommendations that might pertain to a reduction in your offense level. You understand that if those recommendations are made to me and I don't accept them, you'll still be bound

by your plea and you will not have the right to withdraw your plea on that ground. Do you understand that?

THE INTERPRETER: Yes.

(*Id*. at 13-14.)

It is of no moment that De Leon-Pineda complains of his counsel's lack of awareness

that the Government would argue against a three-level reduction for timely acceptance of

responsibility in light of the fact that, *after* the change-of-plea hearing, De Leon-Pineda

engaged in a physical assault of another inmate. (*See* Doc. 358 at 3:3-10.) According to

note 1(b) of the United States Sentencing Guideline Section 3(e)1.1, "[v]oluntary termination

of criminal conduct is an appropriate consideration in assessing whether a Defendant

qualifies for reduction for acceptance of responsibility." USSG § 3(e)1.1, n. 1(b).

Additionally, the Third Circuit has recently held that additional criminal activity may be

considered in determining whether a Defendant has adequately accepted responsibility:

> The Government [...] homes in on the term "demonstrates" and the need to show accountability "clearly" and by "evidence." Answering Br. 15–16. The ordinary meaning of "demonstrates," it contends, does not tell us *how* a defendant can make this showing or what evidence is relevant, and nothing else in the text clarifies that nebulous burden.
> The Government has it right. Mercado's reading fails to grapple with the possibility that demonstrating one's acceptance of responsibility for a particular offense might include refraining from additional criminal activity. More importantly, Mercado fails to explain why § 3E1.1(a) unambiguously forecloses such a reading. He would have us prohibit a district court from considering anything beyond a defendant's words of remorse at a plea or sentencing hearing, yet offers no reason, textual or otherwise, why we should draw that arbitrary line. The dictionary definitions on which he relies suggest we should not. As Mercado notes, "to demonstrate" means "to show clearly," Opening Br. 18, yet to "show" means to "to reveal by one's condition, nature, *or behavior*,"

> Webster's Ninth New Collegiate Dictionary 1091 (1988) (emphasis added). So
> whether a person has "demonstrated" acceptance of responsibility turns on
> both words and deeds. It is not limited—let alone "unambiguously" limited—to
> verbal expressions of remorse.

*United States v. Mercado*, 81 F.4th 352, 357 (3d Cir. 2023).

It is also of no moment that De Leon-Pineda alleges that "Counsel failed to explain

and [sic] applicable enhancements[,] but assured defendant of that ultimate sentencing

range [of 37-46 months]" (Doc. 371 at 4) in light of the Court's plea colloquy warning that

"[t]he Government reserves the right to recommend a sentence up to and including the

maximum sentence under the law." (Doc. 357 at 13.) The Third Circuit "has long held that

an erroneous sentencing prediction by counsel is not ineffective assistance where, as here,

an adequate plea hearing was conducted." *United States v. Shedrick*, 493 F.3d 292, 299

(3d Cir. 2007) (citing *United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003); *United

States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001); *Masicola v. United States*, 469 F.2d

1057, 1059 (3d Cir. 1972)). "[A]ll that the law requires is that the defendant be informed of

his/her exposure in pleading guilty. The law does not require that a defendant be given a

reasonably accurate 'best guess' as to what his/her actual sentence will be; nor could it,

given the vagaries and variables of each defendant's circumstances and offending

behavior." *Shedrick*, 493 F.3d at 299.

"Thus, where a court's plea colloquy accurately establishes the maximum term of

imprisonment that the defendant faces, and advises the defendant that the court has the

discretion to impose a sentence outside of the Sentencing Guidelines range and up to the

statutory maximum term of imprisonment, a defendant suffers no prejudice from an

erroneous sentencing prediction by his attorney." *United States v. Council*, 2021 WL

1600141, at *4 (M.D. Pa. April 23, 2021) (citing *Shedrick*, 493 F.3d at 299–300).

      As the Court has noted, *supra* at 13-14, the Government clearly explained the

material terms of De Leon-Pineda's plea agreement, including his sentencing exposure, at

De Leon-Pineda's change-of-plea hearing:

> Paragraph 1 of the plea agreement. [...] Defendant acknowledges that the maximum penalty for that offense is imprisonment for a period of 40 years, a fine of $5 million, a maximum life term of supervised release and a 100-dollar special assessment[.]
>
> . . . .
>
> Paragraph 10. The parties agree that the United States Sentencing Commission Guidelines do apply in this case and will be used to determine an advisory guidelines range.
>
> . . . .
>
> Paragraph 13. The Government reserves the right to recommend a sentence up to and including the maximum sentence under the law.
>
> Paragraph 19. The Defendant recognizes that the Court is not a party to this agreement nor is it bound by the terms of this agreement, and the Court is free to impose any sentence up to and including the statutory maximums.

(Plea Hr. Tr., Doc. 357 at 11-13.)

      Additionally, as the Court has referenced, *supra* at 14-15, following the reading of the

essential terms of the plea agreement, the Court then asked De Leon-Pineda to confirm that

he heard and understood them:

THE COURT: Thank you. Mr. De Leon-Pineda, did you hear Mr. Camoni outline what the essential terms of the plea agreement are, as translated for you by Ms. Olsen?

THE INTERPRETER: Yes.

THE COURT: Are the terms of the plea agreement, as described and summarized by Mr. Camoni, the terms as you understand them?

THE INTERPRETER: Yes.

THE COURT: You heard Mr. Camoni talk about certain recommendations that might be made, particularly, in Paragraphs 11 and 12, relating to acceptance of responsibility and specification [sic] [specifying] sentencing guideline recommendations that might affect your total offense level and, therefore, would affect what your sentence is under the guidelines, particularly, those recommendations that might pertain to a reduction in your offense level. You understand that if those recommendations are made to me and I don't accept them, you'll still be bound by your plea and you will not have the right to withdraw your plea on that ground. Do you understand that?

THE INTERPRETER: Yes.

THE COURT: Do you understand that if the sentence is more severe than you expected or different than what you and your attorney may have discussed, you're still going to be bound by your plea, and, again, you will not have a right to withdraw your plea on those grounds? Do you understand that?

THE INTERPRETER: Yes.

(*Id*. at 13-14.)

Had there been any confusion created by a sentencing prediction by De Leon-Pineda's counsel, this exchange served to dispel it. The Court's thorough plea colloquy, together with the plea agreement, preclude De Leon-Pineda's claim on the grounds that he entered his plea believing he was subject to any lower sentencing exposure than that

explained during the change-of-plea hearing. The Court finds that there is no basis to

conclude that De Leon-Pineda's counsel was ineffective, or that De Leon-Pineda was

prejudiced, by the conduct of his counsel.

Finally, to the extent De Leon-Pineda alleges that the Court was in error for

sentencing Petitioner above base level 24, he is wrong. As the Third Circuit has noted,

> Based on *Addonizio*, other circuit courts have concluded that a sentencing error is not a fundamental defect requiring § 2255 relief when a prisoner is sentenced below the statutory maximum. *See Foote*, 784 F.3d at 937; *see also Spencer*, 773 F.3d at 1138 (citing *Addonizio*, 442 U.S. at 186–87, 99 S.Ct. 2235) (noting that a sentence "less than the statutory maximum sentence prescribed by Congress" is lawful, and thus not a fundamental defect); *Hawkins*, 706 F.3d at 822, 824; *Sun Bear*, 644 F.3d at 705; *cf. Snider*, 908 F.3d at 191 (citing *Addonizio*, 442 U.S. at 187, 99 S.Ct. 2235) (noting that the defendant's corrected sentence would fall within the same Guidelines range).

*United States v. Folk*, 954 F.3d 597, 605 (3d Cir. 2020).

Because De Leon-Pineda's sentence of 188 months was at the bottom of the

recommended sentencing range of 188 to 235 months (Hr. Tr., Doc. 358 at 35:14-15), there

is no cognizable claim for relief on this basis. *Id*. For these reasons, De Leon-Pineda fails to

make a showing of ineffectiveness or prejudice as required under *Strickland*, 466 U.S. at

689–92, and his first ground does not warrant a hearing or any relief.

## 2. Ground Two

De Leon-Pineda next contends that he is entitled to relief because "Counsel deprived

Movant of the opportunity pursuant to Fed. R. Crim. P. 12(b)(3)(c) and 18 U.S.C. §

2518(10)(a)(i) in failing to move to suppress the contents of the wiretaps." (Doc. 360 at 6.)

De Leon-Pineda outlines his explanation for why counsel was ineffective for failing to

suppress the contents of the wiretaps:

> (1) Movant was not named as a subject in the wiretap application; (2) Wiretap
> affidavit(s) lacked sufficient necessity statements. Counsel having failed to
> move to suppress the evidence obtained by the wiretap prevented the Court
> from making a determination that the surveillance was improper and that the
> government could not use the fruits of that surveillance at trial or to further its
> investigation. The acts and omission of counsel prejudice Movant in that his
> conviction and sentence was obtained as a result of the government procuring
> evidence unconstitutionally.

(Doc. 360 at 6.)

The Court has reviewed the Government's Wiretap Application, and the application

expressly named De Leon-Pineda as a primary target of interception and contained a

statement of the necessity for interception. (*See* No. 3:16-MC-473; Affidavit.) Because the

Wiretap Application was properly completed despite De Leon-Pineda's allegations to the

contrary, thus rendering De Leon-Pineda's basis for suppression without merit, it cannot be

said that De Leon-Pineda's counsel was ineffective for declining to move to suppress the

information obtained through the wiretap, or that Petitioner was prejudiced under *Strickland*,

466 U.S. at 689–92. Therefore, this ground does not warrant a hearing or relief.

### 3. Ground Three

De Leon-Pineda's third ground for relief alleges that his counsel was ineffective at

sentencing because his counsel failed to argue that De Leon-Pineda should have lost only a

two-level reduction rather than three. (Doc. 360 at 9.) De Leon-Pineda contends that his

sentencing counsel should have objected to the additional one level reduction that comes with *timely* acceptance of responsibility. (*Id.*)

Under USSG § 3E1.1(b), the third level reduction for *timely* acceptance of responsibility only applies if the defendant first qualifies for the initial two-level reduction under subsection (a). *See* USSG § 3E1.1(b) ("If the defendant qualifies for a decrease under subsection (a) . . ..) Therefore, because the Court determined that De Leon-Pineda's post-plea physical assault warranted a loss of the two-level reduction (Doc. 358 at 20:1-6) under USSG § 3E1.1(a), it was appropriate for De Leon-Pineda to lose the third level reduction as well. *See* USSG § 3E1.1(b).

Despite this fact, De Leon-Pineda's sentencing counsel did thoroughly argue that a full three-level reduction for timely acceptance of responsibility should be applied. (Doc. 358 at 3-19.) The Court ultimately overruled De Leon-Pineda's objection and found that a reduction was not warranted. (*Id.* at 20:1-6.) The Court finds that De Leon-Pineda's counsel was not ineffective, nor was De Leon-Pineda prejudiced, and therefore Petitioner fails to meet either of the prongs set out in *Strickland*, 466 U.S. at 689–92. De Leon-Pineda is thus not entitled to a hearing or any relief on this ground.

### 4. Ground Four

De Leon-Pineda's final ground for relief vaguely contends that his counsel was ineffective because "counsel failed to object to the District Court findings that increase the mandatory minimum sentence." (Doc. 360 at 11.) First, the Court notes that, to the extent

De Leon-Pineda argues that he was not aware of the applicable five-year mandatory minimum sentence, he is wrong. At De Leon-Pineda's change-of-plea hearing, the Government stated on the record that "[t]he Defendant understands that Count 1 carries a mandatory minimum period of imprisonment of five years," (Plea Hr. Tr., Doc. 357 at 11-12), putting De Leon-Pineda on notice as to the applicable mandatory minimum. De Leon-Pineda was not prejudiced by his counsel's failure to object to the statutory five-year mandatory minimum applicable to him as a matter of law, of which De Leon-Pineda was made aware by the Government's explanation of the plea agreement's terms.

Additionally, by entering his plea of guilty, De Leon-Pineda admitted that he was responsible for at least 28 grams of cocaine base and at least 100 grams of heroin, and he did so fully aware that he would be subjected to a prison term of five to forty years. (*See* Doc. 357 at 11:23-25.) To the extent De Leon-Pineda argues that his counsel was ineffective for failing to object to the sentence imposed by the Court, the Court has already pointed to evidence in the record that De Leon-Pineda's sentencing counsel competently argued for a lower sentence. (Doc. 358 at 3-19.) Therefore, because De Leon-Pineda conclusively fails to show that his counsel was ineffective, or that Petitioner was prejudiced on this ground, the Court concludes that this ground warrants no hearing or relief on this basis.

Because the Court has determined that all of De Leon-Pineda's grounds for relief as supplemented require no hearing and provide no basis for relief, the Court will deny De

22

Leon-Pineda's § 2255 Motion (Doc. 360) as supplemented since it is conclusively without merit.

## V. EVIDENTIARY HEARING

Section 2255(b) advises that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The decision to hold a hearing is wholly within the discretion of the district court." *Eckenberger v. United States*, 2022 WL 609208, at *5 (M.D.Pa. March 1, 2022) (citing *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). In this case, no evidentiary hearing is necessary because "the motion and files and records of this case show conclusively that the movant is not entitled to relief." *Eckenberger*, 2022 WL 609208, at *5 (M.D.Pa. March 1, 2022) (internal quotations and citations omitted)); *see also Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) ("We have repeatedly emphasized that bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition"); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 300-02 (3d Cir. 1991) (declining to hold evidentiary hearing on petitioner's § 2255 ineffectiveness claim "absent identification of some facts that support a contention of ineffectiveness" because doing otherwise will encourage meritless petitions burdening judicial resources). Here, De

Leon-Pineda is not entitled to relief and his allegations present claims that are clearly contradicted by the record and unsupported by the governing caselaw.

## VI. CERTIFICATE OF APPEALABILITY

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ["COA"]." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D.Pa. June 8, 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted on De Leon-Pineda's claim because the Court finds that reasonable jurists would not find this Court's resolution of De Leon-Pineda's constitutional claim debatable or wrong.

## VII. CONCLUSION

For the aforementioned reasons, the Court will deny De Leon-Pineda's 28 U.S.C. § 2255(a) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 360) as supplemented. A separate Order will follow.

Robert D. Mariani
United States District Judge